UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

MICHAEL L.,                              )     Case No. 2:20-cv-08310-SP
                        Plaintiff,       )
                                         )
            v.                           )     MEMORANDUM OPINION AND
                                         )     ORDER
KILOLO KIJAKAZI, Acting                  )
Commissioner of Social Security          )
Administration,                          )
                                         )
                        Defendant.       )
                                         )
_____ )

**I.**

**INTRODUCTION**

On September 10, 2020, plaintiff Michael L. filed a complaint against

defendant, the Commissioner of the Social Security Administration

("Commissioner"), seeking a review of a denial of a period of disability and

disability insurance benefits ("DIB").  The parties have fully briefed the issues in

dispute, and the court deems the matter suitable for adjudication without oral

argument.

Plaintiff presents two disputed issues for decision: (1) whether the

1

Administrative Law Judge's ("ALJ") residual functional capacity ("RFC") determination was consistent with her findings; and (2) whether the ALJ resolved a conflict between the testimony of the vocational expert ("VE") and the Dictionary of Occupational Titles ("DOT"). Plaintiff's Memorandum in Support of the Complaint ("P. Mem.") at 2-9; *see* Memorandum in Support of Defendant's Answer ("D. Mem.") at 1-3.

Having carefully studied the parties' memoranda on the issues in dispute, the Administrative Record ("AR"), and the decision of the ALJ, the court concludes that, as detailed herein, the ALJ's RFC determination was consistent with her findings, and the ALJ properly relied on the VE's testimony. Consequently, the court affirms the decision of the Commissioner denying benefits.

## II.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff, who was 29 years old on the alleged disability onset date, attended at least four years of college. AR at 88, 182. Plaintiff has past relevant work as a stamps or coins salesperson. *Id*. at 54.

On May 16, 2017, plaintiff filed an application for a period of disability and DIB, alleging on onset date of December 1, 2015, due to Parsonage Turner Syndrome. *Id*. at 88. The Commissioner denied plaintiff's application initially, after which he filed a request for a hearing. *Id*. at 99-105.

On February 26, 2019, plaintiff appeared without counsel at a hearing before the ALJ. *Id*. at 64-87. The ALJ rescheduled the hearing in order to provide plaintiff time to submit additional medical evidence, undergo a consultative examination, and obtain counsel. *Id*. at 82-86.

On May 8, 2019, plaintiff, again appearing without counsel, testified at a hearing before the ALJ. *Id*. at 29-63. The ALJ also heard testimony from Bonnie Drumwright, a vocational expert. *Id*. at 52-60. On July 10, 2019, the ALJ denied plaintiff's claim for benefits. *Id*. at 15-25.

Applying the well-known five-step sequential evaluation process, the ALJ found, at step one, that plaintiff had not engaged in substantial gainful activity since January 1, 2016.  *Id*. at 17-18.

At step two, the ALJ found plaintiff suffered from the severe impairment of Parsonage Turner Syndrome (brachial plexus neuritis).  *Id*. at 18.

At step three, the ALJ found plaintiff's impairment did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. part 404, Subpart P, Appendix 1.  *Id*. at 19.

The ALJ then assessed plaintiff's RFC,[1] and determined he had the RFC to perform light work as defined by 20 C.F.R. § 404.1567(b), with the limitations that plaintiff:  could lift and carry 10 pounds occasionally and five pounds frequently; could not reach overhead bilaterally; could occasionally push and pull bilaterally; could occasionally engage in the operation of hand controls bilaterally; and could not climb ladders, ropes, and scaffolds.  *Id*.  The ALJ also precluded plaintiff from concentrated exposure to vibration and workplace hazards such as unprotected heights and dangerous moving mechanical parts.  *Id*.

The ALJ found, at step four, that plaintiff was unable to perform his past relevant work as a salesperson of stamps or coins.  *Id*. at 23-24.

At step five, the ALJ found there were jobs that existed in significant numbers in the national economy that plaintiff could perform, including cashier II, telephone solicitor, and document specialist.  *Id*. at 24-25.  Consequently, the ALJ concluded plaintiff did not suffer from a disability as defined by the Social Security Act.  *Id.* at 25.

---

[1]    Residual functional capacity is what a claimant can do despite existing exertional and nonexertional limitations.  *Cooper v. Sullivan*, 880 F.2d 1152, 1155-56 n.5-7 (9th Cir. 1989).  "Between steps three and four of the five-step evaluation, the ALJ must proceed to an intermediate step in which the ALJ assesses the claimant's residual functional capacity."  *Massachi v. Astrue*, 486 F.3d 1149, 1151 n.2 (9th Cir. 2007).

1    Plaintiff filed a timely request for review of the ALJ's decision, which was
2    denied by the Appeals Council. *Id.* at 1-3. The ALJ's decision stands as the final
3    decision of the Commissioner.

### III.

### STANDARD OF REVIEW

6    This court is empowered to review decisions by the Commissioner to deny
7    benefits. 42 U.S.C. § 405(g). The findings and decision of the Social Security
8    Administration must be upheld if they are free of legal error and supported by
9    substantial evidence. *Mayes v. Massanari*, 276 F.3d 453, 458-59 (9th Cir. 2001)
10   (as amended). But if the court determines the ALJ's findings are based on legal
11   error or are not supported by substantial evidence in the record, the court may
12   reject the findings and set aside the decision to deny benefits. *Aukland v.*
13   *Massanari*, 257 F.3d 1033, 1035 (9th Cir. 2001); *Tonapetyan v. Halter*, 242 F.3d
14   1144, 1147 (9th Cir. 2001).

15   "Substantial evidence is more than a mere scintilla, but less than a
16   preponderance." *Aukland*, 257 F.3d at 1035. Substantial evidence is such
17   "relevant evidence which a reasonable person might accept as adequate to support
18   a conclusion." *Reddick v. Chater*, 157 F.3d 715, 720 (9th Cir. 1998); *Mayes*, 276
19   F.3d at 459. To determine whether substantial evidence supports the ALJ's
20   finding, the reviewing court must review the administrative record as a whole,
21   "weighing both the evidence that supports and the evidence that detracts from the
22   ALJ's conclusion." *Mayes*, 276 F.3d at 459. The ALJ's decision "'cannot be
23   affirmed simply by isolating a specific quantum of supporting evidence.'"
24   *Aukland*, 257 F.3d at 1035 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th
25   Cir. 1998)). If the evidence can reasonably support either affirming or reversing
26   the ALJ's decision, the reviewing court "'may not substitute its judgment for that
27   of the ALJ.'" *Id.* (quoting *Matney v. Sullivan*, 981 F.2d 1016, 1018 (9th Cir.
28   1992)).

IV.

## DISCUSSION

**A.   The ALJ's RFC Determination Was Consistent With Her Findings**

Plaintiff argues the ALJ's RFC determination was not supported by substantial evidence.  P. Mem. at 2-6.  Specifically, plaintiff contends the RFC determination was inconsistent with the ALJ's own lifting and carrying findings that reflected plaintiff could only perform sedentary work, and failed to include all of the consultative examiner's opined limitations.[2]  *Id*. at 4-5.

Residual functional capacity is what one "can still do despite [his or her] limitations."  20 C.F.R. § 404.1545(a)(1).  The Commissioner reaches an RFC determination by reviewing and considering all of the relevant evidence.  *Id.*  Here, the ALJ determined plaintiff had the RFC to perform light work as defined by 20 C.F.R. § 404.1567(b) with certain limitations, including lifting and carrying ten pounds occasionally and five pounds frequently, and occasional operation of hand controls bilaterally.  AR at 19.  In reaching her RFC determination, the ALJ considered the medical evidence and plaintiff's daily activities.

**1.   The RFC Determination Reflected the Lifting and Carrying Limitations**

Plaintiff argues her lifting and carrying limitations fall under sedentary work and therefore, the ALJ's determination plaintiff had the RFC to perform light work was inconsistent with her own findings.  P. Mem. at 4-5.

"Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" while "[s]edentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools."  20 C.F.R.

---

[2]   Plaintiff also contends the ALJ presented an incomplete hypothetical to the VE because she failed to expressly include standing and walking limitations.  *Id*. at 6.  The court discusses this argument in part B below.

5

§ 404.1567(a)-(b).  The regulations further explain that with regard to light work, "[e]ven though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing."  20 C.F.R. § 404.1567(b).  Indeed, "the full range of light work requires standing or walking, off and on, for a total of approximately [six] hours of an [eight]-hour workday," while sedentary work generally limits standing or walking to no more than two hours out an eight-hour workday.  *See* Social Security Ruling ("SSR") 83-10.[3]  Thus, the primary difference between sedentary work and most light work is the amount of walking or standing required.  *Id.*

The ALJ's RFC determination was consistent with her findings.  As an initial matter, plaintiff does not argue he is unable to stand or walk for six hours out of an eight-hour day.  Plaintiff's argument that the ALJ should have found he only had the RFC to perform sedentary work rests solely on the ALJ's lifting and carrying limitations.  But light work and sedentary work are not defined by lifting and carrying limitations alone, and the ALJ determined plaintiff could not perform the full range of light work.  Instead, the ALJ determined plaintiff had the RFC to perform light work as defined by 20 C.F.R. § 404.1567(b), which meant plaintiff had the ability to stand or walk six hours out of an eight-work day, but the range of jobs was eroded by, among other things, the ability to lift and carry only ten pounds occasionally and five pounds frequently.  These restrictions fall within the parameters of light work.

To the extent that the ALJ erred by not reaching a sedentary work RFC

---

[3]    "The Commissioner issues Social Security Rulings to clarify the Act's implementing regulations and the agency's policies.  SSRs are binding on all components of the SSA.  SSRs do not have the force of law.  However, because they represent the Commissioner's interpretation of the agency's regulations, we give them some deference.  We will not defer to SSRs if they are inconsistent with the statute or regulations."  *Holohan v. Massanari*, 246 F.3d 1195, 1202 n.1 (9th Cir. 2001) (internal citations omitted).

determination, the error was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012).  The ALJ clarified to the VE that so long as the lifting and carrying restrictions were met, it did not matter if the jobs the VE identified were classified as light work or sedentary work. AR at 57.  Two of the jobs identified by the VE not only met the lifting and carrying restrictions, but were categorized as sedentary work. *See id.* at 57-58.  Plaintiff contends the error cannot be harmless because sedentary work coupled with hand limitations "can result" in a finding of disability, but as discussed below, the ALJ did not find the "hand limitations" plaintiff claims. *See* P. Mem. at 4.

Accordingly, the ALJ's RFC determination was consistent with her findings and any error was harmless.

## 2. The RFC Determination Incorporated the Consultative Examiner's Opinion

Plaintiff contends the ALJ found the opinion of Dr. Sarah L. Maze, a consultative examiner, to be persuasive but then failed to incorporate all of her limitations.  P. Mem. at 5.  Specifically, plaintiff argues the ALJ did not adopt Dr. Maze's standing, walking, sitting, handling, and fingering limitations. *Id*.

Among the evidence an ALJ relies on in an RFC assessment is medical evidence and opinions.  20 C.F.R. § 404.1545(a)(3).  An ALJ will consider the persuasiveness of the medical opinions and findings based on five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors that tend to support or contradict the medical opinion.  20 C.F.R. § 404.1520c(b)-(c); *see Sylvester G. v. Saul*, 2021 WL 2435816, at *2 (C.D. Cal. June 15, 2021).  The most important of these factors are supportability and consistency.  20 C.F.R. § 404.1520c(b)(2).  The ALJ may, but is not required to, explain how she or he considered the other three factors. *Id*.

In reaching her RFC determination, the ALJ found Dr. Maze's opinion to be persuasive and the opinion of Dr. F. Wilson, the state agency physician, partially

persuasive.  AR at 22-23.  Dr. Maze examined plaintiff on March 26, 2019 and, in a detailed neurological evaluation, diagnosed plaintiff with episodic shoulder pain and opined plaintiff had the RFC to lift ten pounds occasionally and five pounds frequently, stand and walk for six hours out of an eight-hour workday with normal breaks, and sit for six hours out of an eight-hour workday with normal breaks, but could not perform overhead reaching, pulling, or pushing.  *Id.* at 570.  Dr. Maze did not identify any limitations regarding the use of plaintiff's hands.  *See id.*  But in a check-off Medical Statement of Ability to Do Work-Related Activities (Physical) form ("Medical Statement") from the same date, Dr. Maze checked that plaintiff could never reach overhead with the left hand and was limited to: frequently reaching in all directions, handling, fingering, feeling, pushing, and pulling with the right hand; occasionally reaching in other directions, handling, pushing, and pulling with the left hand; and frequently fingering and feeling with the left hand.  *Id*. at 573.  Dr. Maze did not identify any medical findings to support her use of hands limitations.  *See id*.

Dr. Wilson reviewed plaintiff's medical records and opined the same standing, walking, and sitting limitations as Dr. Maze.  *Id*. at 93-94.  Dr. Wilson also opined, in relevant part, that plaintiff had the ability to: lift and carry 20 pounds occasionally and ten pounds frequently; occasionally push, pull, and engage in the operation of hand controls; and occasionally reach, handle, and finger bilaterally.  *Id*. at 93-95.

The ALJ found Dr. Maze's opinion to be persuasive but only discussed the functional limitations listed in the neurological evaluation.  *See id*. at 23.  The ALJ found Dr. Wilson's opinion to be partially persuasive and specifically noted handling and fingering limitations were unwarranted because they were inconsistent with plaintiff's computer usage.  *Id*. at 22.

Plaintiff's claim that the ALJ failed to adopt Dr. Maze's standing, walking, and sitting limitations is without merit.  The ALJ determined that plaintiff had the

RFC to perform light work as defined by 20 C.F.R. § 404.1567(b), which is consistent with Dr. Maze's opined standing, walking, and sitting limitations.  *See* SSR 83-10.  The ALJ also limited plaintiff to occasional bilateral  pushing, pulling, and operation of hand controls, and precluded plaintiff from overhead reaching bilaterally, consistent with or more restrictive than Dr. Maze's opinion.  As for Dr. Maze's handling and fingering limitations, it appears the ALJ relied on the neurological evaluation, which did not include any handling and fingering limitations, and assumed the opinions in the Medical Statement were identical.  To the extent the ALJ erred by not discussing and reconciling Dr. Maze's inconsistent handling and fingering limitations, the error was harmless.  As mentioned above, the ALJ specifically noted that plaintiff's ability to spend all day on the computer was inconsistent with handling and fingering limitations.  *See* AR at 22.

In sum, the ALJ's RFC determination was supported by substantial evidence and consistent with her findings.  Any error was harmless.

**B.**   **The ALJ Posed a Complete Hypothetical and Properly Relied on the VE Testimony**

Plaintiff contends the ALJ failed to resolve conflicts concerning the VE testimony.  P. Mem. at 6-8.  Specifically, plaintiff argues: (1) the ALJ posed an incomplete hypothetical to the VE, who then failed to resolve the conflict between the hypothetical and RFC determination; and (2) despite the VE's testimony that her testimony was consistent with the DOT, her identification of jobs that required frequent reaching, handling, or fingering appeared to conflict with the ALJ's determination that plaintiff should be limited to the occasional operation of hand controls.  *Id*.

At step five, the burden shifts to the Commissioner to show that the claimant retains the ability to perform other gainful activity.  *Lounsbury v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006).  To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that

other work exists in significant numbers in the national economy that the claimant can perform, given his or her age, education, work experience, and RFC.  20 C.F.R. § 404.1512(b)(3).  The Commissioner may satisfy this burden through the testimony of a VE.  *Lounsburry*, 468 F.3d at 1114.

In response to a hypothetical by the ALJ that includes the limitations the ALJ found credible, a VE may testify as to "(1) what jobs the claimant, given his or her [RFC], would be able to do; and (2) the availability of such jobs in the national economy."  *Tackett v. Apfel*, 180 F.3d 1094, 1101 (9th Cir. 1999).  "A VE's recognized expertise provides the necessary foundation for his or her testimony."  *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).  The VE is not required to provide the underlying data for her numbers or explain the methodology of how she reached these numbers.  *Ford v. Saul*, 950 F.3d 1141, 1158-59 (9th Cir. 2020); *see Xiong v. Colvin*, 2014 WL 3735358, at *9 (E.D. Cal. Jul. 28, 2014).  VE testimony is substantial evidence.  *See Johnson v. Shalala*, 60 F.3d 1428, 1435 (9th Cir. 1995) ("'[T]he ALJ was within his rights to rely solely on the vocational expert's testimony.'") (quoting *Conn v. Sec'y*, 51 F.3d 607, 610 (6th Cir. 1995)); *see also Bayliss*, 427 F.3d at 1218, n.4 (Federal Rules of Evidence do not apply in social security hearings).  But where the VE testimony is fundamentally flawed, remand is appropriate.  *See, e.g., Farias v. Colvin*, 519 Fed. Appx. 439, 440 (9th Cir. 2013) (remand required where VE provided employment data for a different occupation than the one he opined claimant could perform).

ALJs routinely rely on the DOT "in evaluating whether the claimant is able to perform other work in the national economy."  *Terry v. Sullivan*, 903 F.2d 1273, 1276 (9th Cir. 1990) (citations omitted); *see also* 20 C.F.R. § 404.1566(d)(1) (DOT is a source of reliable job information).  The DOT is the rebuttable presumptive authority on job classifications.  *Johnson*, 60 F.3d at 1435.  An ALJ may not rely on a VE's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflicts with the DOT, and if so, the reasons

1  therefor. *Massachi*, 486 F.3d at 1152-53 (citing SSR 00-4p).

2        At the May 8, 2019 hearing, in response to a hypothetical person with

3  plaintiff's limitations at either a light or sedentary level, the VE testified plaintiff

4  could perform the jobs of telephone solicitor, document specialist, and cashier II –

5  food cashier.  AR at 57-59.  The VE testified that the jobs of telephone solicitor

6  and document specialist were classified as sedentary work and the job of cashier II

7  was classified as light work.  *Id*.  To account for plaintiff's specific limitations, the

8  VE eroded the number of telephone solicitor jobs by 50% and the number of

9  cashier II jobs by 95%.  *Id.*  The VE stated her testimony was consistent with the

10  DOT.  *Id*. at 59.

11        **1.    The ALJ Posed a Complete Hypothetical**

12        Plaintiff contends the ALJ failed to expressly include his standing and

13  walking limitations in his hypothetical to the VE and the VE was therefore unable

14  to reconcile any conflicts.  P. Mem. at 5-6.

15        The ALJ did not initially include standing and walking limitations in his

16  hypothetical, but later clarified that so long as the lifting and carrying limitations

17  were met, the VE could consider both light or sedentary work.  *See* AR at 57; *see

18  also* 20 C.F.R. § 404.1567(b) (if someone can do light work, they can do sedentary

19  work).  Stating light work or sedentary work in the hypothetical was sufficient for

20  the VE to understand the standing and walking limitations.  In a recent case

21  addressing the same argument that an ALJ may not rely on VE testimony when the

22  ALJ only posed a hypothetical stating light work but did not expressly include a

23  six-hour standing and walking limitation, the Ninth Circuit found that "'light work'

24  has a well-established meaning, and 'the expert' [] would have understood the

25  ALJ's question to imply a 6-hour standing and walking limitation.'" *Guillermina v.

26  Kijakazi*, 2021 WL 6116636, at *1 (9th Cir. 2021) (citing *Terry v. Saul*, 998 F.3d

27  1010, 1014 (9th Cir. 2021) (the ALJ's hypothetical of a person with the RFC to

28  perform medium work was sufficient for the VE to understand standing and

walking limitations of six hours because "medium work" has a well-established meaning)); *see Mitzi D. v. Saul*, 2019 WL 8112507, at *2 (C.D. Cal. Dec. 13, 2019) ("Given that SSR 83-10 has been in play for over thirty years, there is no reason to think the VE understood light work to encompass anything other than approximately six hours of standing or walking."); *James T. v. Saul*, 2019 3017755, at *2 (C.D. Cal. July 10, 2019) (referencing medium work rather than express standing and walking limitations was not error because VEs understand medium work requires the ability to stand and walk six hours).

As such, the ALJ posed a complete hypothetical to the VE.

### 2. The VE Testimony Was Consistent With the DOT

Plaintiff acknowledges the ALJ inquired whether the VE's testimony was consistent with the DOT, but argues the VE's testimony was inaccurate. *See* P. Mem. at 8. The sole basis of plaintiff's argument is his own contention that it is unclear whether operation of hand controls includes reaching, handling, and fingering. *See id*. at 7-8. Although plaintiff correctly notes the VE and ALJ disagreed on whether a steering wheel constituted a hand control, the operation of hand controls is distinct from reaching, handling, and fingering. *See* AR at 58. Hand controls are a set of controls in a machine that allow a person to operate it with their hands such as handles or levers in a vehicle that allow a person to operate the gas and brake pedals.[4] Plaintiff does not contend, nor do the DOT descriptions state, that the jobs of telephone solicitor, document specialist, and cashier II require the operation of hand controls. The fact that plaintiff speculates operation of hand controls is broader than the VE's definition is not a sufficient basis to challenge her testimony. Moreover, as discussed above, the ALJ properly excluded  handling and fingering limitations from her RFC determination.

---

[4]   *See* https://www.collinsdictionary.com/us/dictionary/english/hand-controls and https://nmeda.org/hand-controls/ .

Accordingly, plaintiff fails to show the VE's testimony was inconsistent with the DOT.  The VE's testimony therefore constituted substantial evidence, on which the ALJ properly relied.

## V.

## CONCLUSION

IT IS THEREFORE ORDERED that Judgment shall be entered AFFIRMING the decision of the Commissioner denying benefits, and dismissing the complaint with prejudice.


DATED: March 28, 2022

_____
SHERI PYM
United States Magistrate Judge